GLENICE M. WEGNER, APPELLANT, V. CLIFFORD A. G. WEGNER, APPELLEE.

184 N. W. 2d 631

Filed March 12, 1971. No. 37705.

Kerrigan, Line & Martin, for appellant.

Yost, Schafersman, Yost & Lamme, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, Glenice M. Wegner, appeals from a judgment divorcing her from the defendant, Clifford A. G. Wegner. The assignments of error relate to the division of the property of the parties and the allowances for alimony and child support.

The parties were married in 1964 and have two sons, ages 2 and 5. At the time of the separation they were living on a farm near Uehling that they were purchasing on contract. The defendant became involved with another woman and the record shows that the divorce was due entirely to his misconduct.

The trial court awarded the custody of the minor children to the plaintiff; child support in the amount of $175 per month; alimony in the amount of $6,000 payable at the rate of $600 per year for 10 years; a 1968 Buick automobile; and the household goods except certain items awarded to the defendant. The defendant is required to maintain a $10,000 life insurance policy with the children designated as beneficiaries.

The defendant was awarded the interest in the farm and a 1967 pickup truck. In addition to farming the defendant operates a grain bin erection business and a

cattle feeding operation with his father and brother. The defendant owes the bank $41,300 which is secured by livestock and grain and liens on a tractor and automobile. The defendant owns other tools and machinery but the record contains little information concerning their value.

A copy of the defendant's 1969 federal income tax return appears in evidence. The return shows a profit of $6,211.31 from the bin erection business but a loss of $9,579.41 from the farm. The plaintiff works as a clerk at the Penney's store in West Point and has a take-home pay of around $2,100 per year.

The plaintiff contends that the trial court failed to consider the defendant's earning capacity and that the award of property and alimony to the plaintiff is less than one-fourth of the defendant's net worth. There is no clear evidence in this case as to what the defendant's net worth is and the evidence as to his real income is less than satisfactory.

The trial court found that the farm had a value of approximately $51,500. The evidence indicates that the principal balance remaining to be paid on the contract is approximately $33,500. Although the amount of alimony is a matter within the sound discretion of the trial court, the award of $6,000 as alimony appears inadequate in view of the evidence as to the value of the interest in the farm which was awarded to the defendant. Under the circumstances in this case we believe the judgment should be modified to increase the award of alimony to $9,000 payable at the rate of $900 per year for 10 years.

The judgment of the district court as modified is affirmed. The plaintiff is awarded $500 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.

SPENCER, J., participating on briefs.